# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| STACIA WALLS,<br>    Waldorf, Maryland<br><br>*Individually and*<br>*on behalf of others similarly situated,*<br><br>    Plaintiff,<br><br>v.<br><br>CHECKFREEPAY CORPORATION,<br>    2900 Westside Parkway<br>    Alpharetta, GA 30004<br><br>    Defendant. | Civil Action No.: 23-cv-865<br><br><br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THIS ACTION

1. Stacia Walls ("Plaintiff" or "Walls") brings this class action lawsuit against Defendant CheckFreePay Corporation ("Defendant" or "CFP").

2. Walls institutes this class action against CFP on her own behalf and on behalf of all others similarly situated for violating statutory and contractual obligations and seeks to recover statutory damages, actual damages, pre-judgment interest, and post-judgment interest against CFP for multiple violations of Maryland's Credit Grantor Closed End Credit Provisions, MD. CODE, COM. §§ 12-1001 *et seq.* ("CLEC").

3. CFP regularly takes assignment of Retail Installment Sale Contracts ("RISC") electing CLEC.

4. CFP charges a fee to its CLEC RISC customers for making a loan payment by phone through a live representative, through an automated system, or through the internet (the

"convenience fee").

5. CFP regularly charges convenience fees to its CLEC RISC customers.

6. By charging its CLEC customers convenience fees, CFP deprived its CLEC RISC customers of valuable rights mandated by Maryland law and as stated in their CLEC RISC.

7. By collecting convenience fees from its CLEC customers, CFP deprived its CLEC RISC customers of valuable rights mandated by Maryland law and as stated in their CLEC RISC.

8. CFP breached each CLEC RISC by charging convenience fees to its CLEC RISC customers.

9. CFP breached each CLEC RISC by collecting convenience fees from its CLEC RISC customers.

10. CFP's repeated charges for and collection of convenience fees makes this case particularly suitable for resolution through a class action lawsuit.

11. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and as to all other matters upon information and good faith belief, including due investigation by undersigned counsel.

## JURISDICTION AND VENUE

12. This Court has subject has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount of controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one other Class Member is a citizen of a state different from Defendant to establish minimal diversity.

13. Personal jurisdiction and venue are proper before this Court under to 28 U.S.C. § 1391(b) because Plaintiff resides in Maryland; because CFP systematically and continually

transacts business in Maryland, this case arises out of a transaction that took place within Maryland, CFP files lawsuits in Maryland's courts and holds liens on real and personal property in Maryland.

## PARTIES

14. Plaintiff is a natural person who at all relevant times resided in Waldorf, Maryland.

15. CFP is a Georgia-based company, incorporated under the state laws of Connecticut, with its principal place of business located at 2900 Westside Parkway, Alpharetta, Georgia 30004.

## FACTUAL ALLEGATIONS

16. In 2022, Walls purchased a motor vehicle at a car dealership in Virginia.

17. Walls originally financed this purchase through Allied Financial Corporation in or about early 2022, before refinancing with Capital One Financial Corporation in or about July 2022.

18. Plaintiff's refinancing with Capital Once Financial Corporation was memorialized in a RISC.

19. The RISC affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (i.e., CLEC).

20. Walls purchased the motor vehicle primarily for personal, family, and household purposes.

21. Walls financed approximately twenty-four thousand dollars ($24,000.00) in the RISC.

22. Walls has made numerous payments to CFP to service the debt.

23. CFP charged Walls a convenience fee of three dollars and forty cents ($3.40) each time Walls made a payment.

24. Plaintiff was charged a $3.40 "convenience fee" for each loan payment that she made during each of the following months: December 2022 and January 2023.

25. CFP collected numerous convenience fees from Walls on her CLEC RISC.

26. The CLEC RISC does not expressly provide for or authorize charging convenience fees for making loan payments with a debit card by phone through a live representative, through an automated system, or through the internet.

27. Furthermore, such convenience fees are not expressly authorized by Maryland state law.

28. It follows that, by charging Plaintiff for making loan payments, Defendant's conduct is fundamentally unfair and against the interests of justice.

## CLASS ACTION ALLEGATIONS

29. Walls brings this action on behalf of a Class which consists of:

> All persons in the state of Maryland (1) who entered into a RISC governed by CLEC; (2) who were charged a convenience fee during the relevant statute of limitations period; and (3) from whom CFP collected more than the monthly principal amount of the RISC.

30. Excluded from the Class are those individuals: who now are or have ever been executives of CFP and the spouses, parents, siblings and children of all such individuals.

31. The Class, as defined above, is identifiable. Plaintiff is a member of the Class.

32. The Class consists, at a minimum, of twenty-five (25) consumers and is thus so numerous that joinder of all members is clearly impracticable.

33. CFP charged a convenience fee to each Class member and the Class has requested declaratory relief with respect to the Class as a whole.

34. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.

35. The common and predominating questions include, but are not limited to:

   (a) Whether it is a violation of CLEC to charge a convenience fee in connection with a CLEC RISC;

   (b) Whether it is a breach of a CLEC RISC to charge a convenience fee;

   (c) Whether CFP charged convenience fees to its CLEC customers;

   (d) Whether it is a violation of CLEC to collect a convenience fee in connection with a CLEC RISC;

   (e) Whether it is a breach of a CLEC RISC to collect a convenience fee in connection with a CLEC RISC;

   (f) Whether CFP collected convenience fees from its CLEC customers; and

   (g) Whether CFP violated the MCPA or the MCDCA.

36. Plaintiff's claims are typical of the claims of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of CFP.

37. Plaintiff will fairly and adequately protect the interests of the Class.

38. Plaintiff is committed to vigorously litigating this matter.

39. Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

40. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

41. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.

42. A class action is the superior method for fair and efficient adjudication of the controversy.

43. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

44. The likelihood that individual members of the Class will prosecute separate actions is remote also because each individual claim involves a small amount.

45. Counsel for Plaintiff and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

## CAUSES OF ACTION

### COUNT ONE
### MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS

46. Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

47. CLEC restricts credit grantors from charging or collecting any fees, charges or interest not specifically enumerated in CLEC.

48. In violation of CLEC, CFP charged Plaintiff and the Class convenience fees.

49. In violation of CLEC, CFP collected convenience fees from Plaintiff and the Class.

50. CFP's CLEC violations were undertaken knowingly.

### COUNT TWO
### BREACH OF CONTRACT

51. Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

52. CLEC was in effect at the time Plaintiff's and all other Class Members' RISCs were signed.

53. CFP specifically and unequivocally elected CLEC as the controlling law in its RISCs with Plaintiff and all Class Members.

54. CFP specifically and unequivocally incorporated the CLEC into Plaintiff and all Class Members' RISC.

55. The provisions of the CLEC became a part of the RISCs just as if the parties expressly included the CLEC provisions in their RISCs.

56. When CFP charged and collected convenience fees from CLEC RISC customers as set forth herein, CFP materially breached its RISCs with Plaintiff and the Class.

57. As a result of CFP's breach of contract with Plaintiff and the Class, Plaintiff and the Class have been damaged.

58. Plaintiff and the Class have been deprived of the substantial rights granted to them by CLEC and under their RISCs as set forth above.

59. Plaintiff and the Class sustained damages and losses due to these breaches of contract.

**COUNT THREE**
**VIOLATION OF THE MARYLAND DEBT COLLECTION ACT ("MCDCA")**

60. Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

61. The Maryland Consumer Debt Collection Act offers broad protection to consumers from underhanded methods used by unscrupulous creditors and debt collectors.

62. The MCDCA defines "collector" as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." MD. CODE, COM. § 14-201(b).

63. CFP is a "collector" as defined by the MCDCA.

64. The MCDCA allows recovery against both creditors collecting debts in their own names, and those whose primary business is debt collection.

65. A "consumer transaction" under the MCDCA is "any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes." Md MD. CODE, COM. § 14-201(c).

66. The MCDCA prohibits "collectors" from claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist. *Id*. § 14-202(8).

67. Seeking to collect a debt that includes "an unauthorized type of charge" violates this provision of the MCDCA.

68. Plaintiff and the Class are consumers who engaged in consumer debt transactions when they took out loans for personal and household use within the meaning of the MCDCA.

69. CFP is a debt collector that collects debts incurred for personal and household use within the meaning of the MCDCA.

70. CFP's collection of monthly payments are attempts to collect debts arising out of consumer transactions within the meaning of the MCDCA.

71. Convenience fees are prohibited under MCDCA and not permitted by law, because they are: (a) fees incidental to the principal debt when such a fee is not expressly authorized by the agreement creating the debt or applicable law; (b) a portion of the debt collector's fee that is passed on to the consumer in violation of MCDCA; (c) not authorized by any other relevant governmental authority; and/or (d) otherwise an unfair, unconscionable, and/or deceptive means of collecting a consumer debt under the MCDCA.

72. As a result of CFP's collection of Convenience Fees, Plaintiff and the Class have suffered financial damages.

## COUNT FOUR
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT ("MCPA")
## MD. CODE, COM. §§ 13-101 *et. seq.*

73. Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

74. The MCPA offers broad protection to consumers.

75. MD. CODE, COM. § 13-303 prohibits unfair or deceptive trade practices in the extension of consumer credit or collection of consumer debts.

76. The collection and attempted collection of the convenience fees by CFP related to its consumer, debt collection practices by imposing and collecting unfair convenience fees involves both the extension of credit and the collection of debts.

77. MD. CODE, COM. § 13-303 also prohibits unfair or deceptive trade practices in the sale or provision of consumer services, such as those provided by CFP.

78. The MCPA defines unfair or deceptive trade practices to include, *inter alia*, the following: (a) False, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers; and (b) Failure to state a material fact if the failure deceives or tends to deceive. MD. CODE, COM. § 13-303(1) and (3).

79. CFP's acts and omissions described herein, and including but not limited to utilizing unlawful methods of collection of fees and charges related to Plaintiff's and the Class members' loans and by seeking and demanding sums not legally or contractually due constitute unfair and deceptive trade practices in violation of MD. CODE, COM. § 13-303(1), (3)–(5).

80. Plaintiff and the Class members reasonably relied upon the direct and indirect material acts and actions of CFP by their payment of the illegal convenience fees demanded by

Defendant. CFP's acts and omissions are simply unreasonable, unfair, and deceptive under the MCPA.

81. Had CFP not acted unfairly and deceptively, Plaintiff and the Class members would not have suffered the damages and losses they have described *supra*.

82. As a result of CFP's collection of Convenience Fees, Plaintiff and the Class have suffered financial damages pursuant to the MCPA.

## COUNT FIVE
## UNJUST ENRICHMENT

83. Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

84. Plaintiff and the Class conferred a benefit on CFP in the form of convenience fees paid to make payments online or by telephone.

85. CFP knowingly accepted that benefit.

86. CFP's acceptance and retention of the benefit is unjust because the convenience fees are prohibited by the terms of the applicable RISC and the applicable Maryland law.

## PRAYER FOR RELIEF

**WHEREFORE**, for herself and all the class members, Plaintiff prays for relief and judgment, as follows:

- Enjoining CFP and/or their affiliates, agents, and/or other persons or entities acting on CFP's behalf from continuing to collect Convenience Fees;

- An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

- Award damages, including compensatory, statutory, and exemplary damages to Plaintiff and the Class in an amount to be determined at trial;

- Award Plaintiff and the Class their expenses and costs of suit, including reasonable attorneys' fees as provided by law;

- Award pre- and post-judgment interested to the extent provided by law; and

- Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: March 29, 2023                    Respectfully Submitted,

*s/Thomas Pacheco*
Thomas Pacheco (Bar No. 21639)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
900 W. Morgan Street
Raleigh, North Carolina 27603
Phone: (212) 946-9305
tpacheco@milberg.com

Scott C. Harris*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
900 W. Morgan Street
Raleigh, North Carolina 27603
Phone: (919) 600-5000
sharris@milberg.com

*to be admitted *pro hac vice*

*Attorneys for Plaintiff and the Proposed Class*